JAMES E. GREEN, Respondent, v. THE WILLARD IMPROVED BARREL COMPANY, Appellant.

### February 14, 1876.

1. Where a recoupment is pleaded for the purpose of reducing plaintiff's damages for breach of contract, it must appear on the face of the pleading that there is some cross-obligation growing out of the contract, which has been violated by plaintiff.

2. Unliquidated damages, arising on an independent contract, cannot be pleaded as a set-off.

3. A mechanic, hired for the purpose of perfecting certain machinery, and bound to devote his skill and labor to the interest of those for whom the machinery is being worked, is not by that fact under any obligation to abstain from applying for a patent in his own name for such machinery, if otherwise entitled thereto.

*Semble*, that the question of the validity of a patent cannot be determined collaterally in a State court.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*W. H. Clopton*, for appellant, cited: Empire Tr. Co. v. Boggiano, 52 Mo. 296; McAllister v. Reed, 8 Wend. 109; King v. Paddock, 18 Johns. 141; Wag. Stat. 1016, sec. 13; Floyd v. Willey, 1 Mo. 430, 643; Johnson v. Steader, 3 Mo. 359; Wag. Stat. 1014, sec. 6; Gordon v.

Bruner, 49 Mo. 573; Adams *v.* Campbell, 10 Mo. 724;
Hay *v.* Short, 49 Mo. 139; Dickson *v.* Hall, 14 Pick.
(Mass.) 217; Goodyear *v.* Day, 1 Blatchf. 565; Curtis'
Law Pat. (4th ed.) 655, sec. 496.

*A. J. Quigley*, for respondent, cited: Tarwater *v.* Hannibal & St. Jo. R. R. Co., 42 Mo. 193; Empire Tr. Co. *v.*
Boggiano, 52 Mo. 294.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff sues defendant, a corporation, for a certain
amount due to plaintiff for wages as the hired servant of
defendant.

Defendant, in its answer, admits that plaintiff worked
for defendant eighty-five days, at the rate of $5 per day, in
building and constructing machinery for defendant. The
answer then proceeds as follows:

"Defendant, for further and separate answer to the
plaintiff's petition, says that the stockholders of plaintiff
are, by contract, held and firmly bound, one with the other,
to use all their ingenuity and skill in designing, perfecting,
and patenting machinery and other devices for the use of
defendant, and that defendant, in its corporate capacity, is
entitled to use and sell all machinery and devices so designed,
made, and patented by any of the members thereof. Defendant further says that M. Seymour, one of its stockholders,
in furtherance of the interest of defendant, did originate,
invent, design, and construct certain machinery called ' a
lister,' for the sole and separate use, and as the property, of
defendant; that plaintiff was employed by defendant as the
hired servant and mechanic in constructing and perfecting
said machinery, which said machinery defendant intended
to have patented and reserved for the sole and exclusive
use, right, and property of defendant, under the laws of
Congress of the United States in such cases made and provided; that the plaintiff well knew that the defendant was
preparing to have the said machine patented; that the
plaintiff was, by the terms of his contract with defendant,
bound to protect the interest of defendant in and about the

subject of his employment, and was, while so employed, bound to devote his skill and diligence to the interest of defendant; but that, while so employed and being instructed by defendant aforesaid, as their servant and mechanic, for said specific purpose of perfecting said machinery, and, with a full knowledge of the fact that defendant intended to obtain a patent as aforesaid, plaintiff fraudulently, and without the knowledge of defendant, and contrary to his said contract of employment with defendant, applied for and obtained a patent from the United States government patent office for the said machine, about which he was employed as aforesaid."

After alleging that plaintiff is insolvent, defendant alleges that, "by reason of said fraud and breach of plaintiff's obligations to defendant, defendant has been damaged in the sum of $1,000, for which sum, less the sum of $425, to wit, for the sum of $575, defendant asks judgment."

On motion of plaintiff, all that part of the answer after the first paragraph, admitting the rendition of services and their value, was stricken out. To this action of the court defendant excepted. On trial, there was a verdict and judgment for plaintiff, and, a motion for a new trial being overruled, the defendant appealed, and assigns for error the action of the court below in striking out these parts of his answer.

If the pleader meant to allege that plaintiff was not the original and first inventor of the discovery for which he obtained a patent, he does not properly tender issue. As to that allegation, Seymour may have been an original inventor in fact, and yet, for more than one reason, plaintiff may, nevertheless, be the original inventor in contemplation of law, and perfectly entitled to his patent. But if plaintiff lawfully got a patent to which he was entitled, or if the invention was not patentable, defendant was not damaged.

To show that defendant was damaged it would be necessary, apparently, to go into the question of the validity of

plaintiff's patent.  It must be made to appear that the alleged invention was patentable, and that plaintiff was not the first and original inventor, and that Seymour was. But it is probable that the question of the validity of a patent cannot be raised, even collaterally, in a State court. Law's Pat. Dig. 229, secs. 11, 12, 14. We do not see in plaintiff's alleged fraudulent procurement of a patent any breach of the contract between plaintiff and defendant, as set up in the answer. It is not said that plaintiff promised defendant not to apply for a patent. He was under the same general obligations not to defraud defendant in this matter which the law imposes upon all citizens. But this obligation was not created or increased by the contract of hiring set out in the answer.

The special defense stricken out is not presented as a matter of set-off arising on an independent contract, as such; being a claim for unliquidated damages, it would be bad. It is pleaded as recoupment, for the purpose of reducing plaintiff's damages, on the ground that he himself has not complied with the cross-obligation arising from the same contract. As we have said, the getting a patent in fraud of defendant was no breach of the contract on which plaintiff counts.

For these reasons the portions of the answer stricken out constitute no defense to plaintiff's action. The record presents no error, and the judgment of the Circuit Court is affirmed. The other judges concur.